<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JESSICA ANN ROSS, | Civil Action No. 19-8909 (SRC) |
| Plaintiff, | |
| v. | OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

<u>**CHESLER, District Judge**</u>

      This matter comes before the Court on the appeal by Plaintiff Jessica Ann Ross ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

      In brief, this appeal arises from Plaintiff's application for disability benefits, alleging disability beginning July 1, 2012. A hearing was held before ALJ Leslie Perry-Dowdell (the "ALJ") on November 6, 2017, and the ALJ issued an unfavorable decision on April 17, 2018, finding that Plaintiff had not been disabled during the period in question. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

      In the decision of April 17, 2018, the ALJ found that, at step three, Plaintiff did not meet

or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform the full range of work at all exertional levels, with certain nonexertional limitations. At step four, the ALJ also found that Plaintiff had no past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on a number of grounds, but this Court need only reach the argument that succeeds: at step four, the residual functional capacity determination ("RFC") is not supported by substantial evidence.[1]

Plaintiff argues as well that the RFC is inconsistent with the evidence of record. Although this Court agrees that this appears to be a fair statement, the Court limits its review to what has been authorized by 42 U.S.C. § 405(g). This Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable

---

[1] Long after the deadline for filing a reply brief had passed, Plaintiff submitted a supplementary brief, without leave of the Court, raising a new argument based on the Third Circuit's decision in Cirko, obo Cirko v. Comm'r of Soc. Sec., 948 F.3d 148 (3d Cir. 2020). Because this argument was not raised in any way in the opening brief, it will not be considered. Anspach v. City of Philadelphia, 503 F.3d 256, 259 (3d Cir. 2007) ("failure to raise an argument in one's opening brief waives it.")

2

mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.2d 357, 360 (3d Cir. 2004). The Supreme Court reaffirmed all of this in Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).

This case concerns mental limitations only; there is no dispute that Plaintiff is physically capable of performing work at all exertional levels. There is also no dispute over the ALJ's determination that Plaintiff suffers from borderline intellectual functioning. (Tr. 125.) Plaintiff contends that, before Plaintiff turned 18, the Commissioner had determined that she was disabled, and she received SSI benefits. (Pl.'s Br. 8.) Although the Commissioner did not dispute this in the opposition brief, the ALJ's decision did not mention this, and there appears to be no SSA documentation of it in this record. On the date of the hearing before the ALJ, Plaintiff was 23 years old. (Tr. 140.)

At step four, the ALJ concluded that Plaintiff retains the residual functional capacity to perform the full range of work at all exertional levels, subject to the following nonexertional limitations:

- She is limited to routine and repetitive tasks performed in a stable work environment where the work place and work process remain generally the same from day to day.

- Her work would be isolated from the public with only occasional interaction with supervisors and peers.

(Tr. 124.) "Your residual functional capacity is the most you can still do despite your limitations." 20 C.F.R. § 416.945(a)(1). The question before this Court, then, is whether the RFC determination is supported by substantial evidence.

3

At step four, the ALJ first reviewed Plaintiff's subjective reports about her symptoms, which the ALJ concluded were "out of proportion to the evidence of record." (Tr. 126.) The ALJ then turned to the objective medical evidence, the opinion evidence from medical sources. First, the ALJ considered the opinion of Ms. Hranicky, CRNP. In short, the ALJ gave her opinion "little weight." (Tr. 127.) Second, the ALJ considered the opinion of Dr. Prins, who is reported to have described Plaintiff as temporarily disabled, but gave it only "partial weight" because it did not specify functional abilities. (Tr. 127.) Third, the ALJ considered the opinion of Ms. Fina, LPC, but gave her opinion "little weight." (Tr. 128.) Last, the ALJ considered the opinion of the state agency psychological consultant, Dr. Brenzel. What follows is the ALJ's discussion of Dr. Brenzel's opinion in its entirety:

> The State Agency psychological consultant, Phyllis Brentzel, Psy.D., opined that the claimant had marked limitations in her ability to understand, remember, and carry out detailed instructions. She opined that the claimant had moderate limitations in her ability to remember locations and work-like procedures, maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances, sustain an ordinary routine without special supervision, work in coordination with or in proximity to others without being distracted by them, complete a normal workday and workweek without interruptions from psychologically based symptoms, perform at a consistent pace without an unreasonable number and length of rest periods, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, respond appropriately to changes in the work setting, be aware of normal hazards and take appropriate precautions, and set realistic goals or make plans independently of others (Exhibit lA). The undersigned gives her opinion great weight because it is consistent with the evidence of record showing reports of mood swings and anger, intellectual deficits on WISC-IV testing, and deficits in judgment and fund of knowledge with intact attention, concentration, thought processes, memory, thought associations, and normal behavior (Exhibit lE, 13F, 22F, 27F).

(Tr. 128.) The ALJ also discounted evidence regarding Global Assessment of Functioning scores, which ended the discussion of the RFC determination.

4

The ALJ's decision shows, then, that the only evidence of record that the ALJ cited, and did not discount or give little weight to, is the opinion of Dr. Brenzel.   The Court inquires: how did the ALJ get from Dr. Brenzel's opinion to the RFC formulation?   The ALJ's summary of Dr. Brenzel's findings, quoted above, contains a list of moderate limitations in <u>fourteen</u> different work-related areas of functioning.   The fourteen areas of limitation contain many fundamental aspects of employability.   The RFC, however, has only two areas of limitation: 1) routine and simple tasks; and 2) no contact with the public, limited contact with supervisors and peers.   No reasonable person could conclude that the list of fourteen moderate limitations found by Dr. Brenzel, as stated by the ALJ, constitutes substantial evidence that Plaintiff retains the capacity to perform all work, limited only by the requirements of simple and routine tasks and limitations in interpersonal contact.   The disconnect between the evidence and the conclusion – and the failure to satisfy the deferential standard of substantial evidence – is striking.

Moreover, the ALJ's RFC formulation runs afoul of the Third Circuit's decision in <u>Ramirez v. Barnhart</u>, 372 F.3d 546, 554 (3d Cir. 2004).   Although the <u>Ramirez</u> Court focused on the inadequacies of the hypothetical given to the vocational expert at step five, <u>Ramirez</u> nonetheless provides guidance relevant to the analysis of the RFC formulation at step four.   The question in <u>Ramirez</u> was whether the limitation described in the hypothetical as "no more than simple one- or two-step tasks" adequately conveyed the claimant's limitations involving deficiencies in concentration, persistence, or pace, and the Third Circuit held that it did not:

> These limitations do not adequately convey all of Ramirez's limitations. The Commissioner contends that the limitation to one to two step tasks is sufficient, but we agree with the Magistrate Judge that a "a requirement that a job be limited to one to two step tasks, as was stated in the hypothetical relied upon by the ALJ, does not adequately encompass a finding that [Ramirez] 'often' has 'deficiencies in concentration, persistence, or pace,' as was noted by the ALJ both in her

5

decision and on the PRTF attached to the decision."

Id.   In Ramirez, then, the Third Circuit found that the limitation to one to two-step tasks did not adequately encompass a single limitation in the area of concentration, persistence, or pace.   In the instant case, the ALJ found fourteen fairly broad limitations.   The limitations in the RFC do not adequately encompass those fourteen limitations.   Nor did the ALJ provide any explanation of how the two limitations adequately encompassed the fourteen.

These two considerations form the basis for this Court's decision to vacate the ALJ's decision and remand the case for further proceedings.   The Court observes, however, that, as to the question of whether the decision is supported by substantial evidence, this is only the most visible tip of what might be an iceberg.   Despite finding that Plaintiff has borderline intellectual functioning, the ALJ failed to incorporate that finding into the analysis of Plaintiff's ability to work in any meaningful way.   Nor do Plaintiff's lengthy psychiatric history and significant history of behavior problems end up having any meaningful impact.   As Plaintiff contends, the ALJ's decision does not appear to adequately reflect the evidence of record.   This Court, however, vacates the Commissioner's decision because the RFC determination is not supported by substantial evidence, as explained above.

For these reasons, this Court finds that the Commissioner's decision is not supported by substantial evidence.   The Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

    s/ Stanley R. Chesler  
STANLEY R. CHESLER, U.S.D.J.

Dated: July 27, 2020